UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. METYK, *et al.*, | ) | Case No. 1:10 CV 2112 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| KEYCORP, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #29). For the reasons that follow, Defendants' Motion to Dismiss granted.

**PROCEDURAL BACKGROUND**

Plaintiff Thomas J. Metyk filed this action on behalf of himself and a class of similarly situated participants and beneficiaries of the Keycorp 401(k) Savings Plan (the "Plan") on September 21, 2010 pursuant to §§ 502 (a)(2) and (a)(3) of the Employee Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 (a)(2) and (a)(3) against Defendants, fiduciaries of the Plan, for breach of fiduciary duties and violations of ERISA. Plaintiff Anthony Lobasso, represented by the same counsel as Mr. Metyk, filed virtually the same class action against these defendants a few hours after Mr. Metyk. The actions were consolidated and the later filed action was dismissed. A Consolidated Complaint, naming Mr. Metyk and Mr. Lobasso as class representatives was filed on December 1, 2010. (ECF #26) The Defendants are KeyCorp, KeyCorp Trust Oversight Committee (the "Committee"), Henry L. Meyer III, Thomas C. Stevens, Jeffrey B. Weeden, Thomas W. Bunn, Thomas E. Helfrich and Robert L. Morris.

Plaintiffs state that the Consolidated Complaint is virtually identical to the complaint that

was before this Court in *Taylor v. Keycorp*. No. 08 CV 1927. The *Taylor* action was dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the named plaintiffs did not suffer any economic loss as a result of Defendants' alleged breaches of fiduciary duty and thus lacked standing. That ruling was affirmed by the Sixth Circuit on May 12, 2012.[1] Plaintiffs note that the facts alleged in the Consolidated Complaint currently before the Court are identical to the facts alleged in *Taylor*, the parties are identical, except for the named plaintiffs, the proposed class is identical and the legal theories of recovery are identical.[2]

The Consolidated Complaint defines the proposed class as "[a]ll persons who were participants in or beneficiaries of the Plan whose Plan accounts included investments in KeyCorp common stock at any time between December 31, 2006 and the present." (ECF #26 at ¶45).

Plaintiffs assert five claims in the Consolidated Complaint. In Count I, Plaintiffs allege that Defendants breached their fiduciary duties to the Plan, Plaintiffs, and other Participants, by failing prudently to manage the Plan's investment in KeyCorp securities. (ECF #26, ¶¶ 5, 201-211) In Count II, Plaintiffs allege that Defendants failed adequately to inform Participants about the true risk of investing in KeyCorp stock.(ECF #26, ¶¶ 6, 212-225). In Count III, Plaintiffs

---

[1] The issues on review before the Sixth Circuit in the *Taylor* action were this Court's denial of Defendants' Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6); the granting of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) and the denial of Mr. Lobasso's Motion to Intervene. The Sixth Circuit affirmed the dismissal for lack of subject matter jurisdiction and the denial of the motion to intervene and did not address the denial of Defendants' Rule 12(b)(6) motion because it was moot.

[2] Unlike the *Taylor* action, Plaintiffs in this action did not name Kathleen Egan as a defendant in the Consolidated Complaint.

allege that certain Defendants breached fiduciary duties by failing adequately to monitor management of Plan assets. (ECF #26, ¶¶ 7, 226-237). In Count IV, Plaintiffs allege that certain Defendants failed to avoid impermissible conflicts of interest. (ECF #26, ¶¶ 8, 238-244). Finally, in Count V, Plaintiffs allege that certain Defendants are liable for the breaches of fiduciary duty committed by their co-fiduciaries. (ECF #26, ¶¶ 9, 245-257).

Plaintiffs seek relief on behalf of the Plan, for losses to the Plan, for which Defendants are allegedly personally liable under ERISA as well as other relief including injunctive relief, constructive trust, restitution, other monetary relief, costs and attorneys' fees. (ECF #26, ¶¶261-266).

While the *Taylor* case was still on appeal to the Sixth Circuit, Defendants filed their Motion to (a) Dismiss under Rule 12(b)(6), or (b) Certify certain questions for interlocutory review under 28 U.S.C. § 1292(b), or (c) Stay the action. (ECF #29). Plaintiffs filed a brief in opposition and Defendants filed a reply brief in support of their Motion. On February 28, 2011, the Court stayed the action pending resolution of the *Taylor* appeal. (ECF #35). The Stay was lifted following the Sixth Circuit's issuance of its decision in *Taylor* and the parties filed supplemental briefs in support and opposition to Defendants' Motion. The Court heard oral argument on the Motion on October 3, 2012. The parties declined the opportunity to file any additional briefing following oral argument. Accordingly, Defendants' Motion to Dismiss is now ready for review.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v.*

3

*Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1940 (2009). *See also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.)

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)*; Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Public records include any materials subject to judicial notice, including securities filings made with the SEC and publicly available stock prices. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007); *Bovee v. Coopers & Lybrand*

4

*C.P.A.*, 272 F.3d 356, 360-61 (6th Cir. 2001).

## DISCUSSION

In the aftermath of the Sixth Circuit's decision in *Taylor*, the only portion of Defendants' motion that is still at issue is the Motion to Dismiss under Rule 12(b)(6). The alternative requests to certify questions or for a stay are now moot. Defendants' Supplemental briefs on their Motion to Dismiss assert that the Consolidated Complaint fails to state a claim because Plaintiffs failed to plead facts showing that the alleged inflation of Company stock caused by the Company's misrepresentations proximately caused an economic loss. That is, that the truth was revealed to the market and the share price fell significantly as a result. In addition, Defendants assert that Plaintiff's ERISA claims relating to the leveraged lease transactions are time barred as a matter of law and that the statute of limitations was not equitably tolled by *Taylor*.[3]

### A. Loss Causation

Defendants argue that this case is governed by the Sixth Circuit's decision in *Taylor* since the complaints and counsel are virtually identical. Indeed Plaintiffs here state that the "Consolidated Complaint here asserts in virtually identical language the same claims the plaintiffs made in *Taylor*." (ECF #31 at 3.) In *Taylor*, the Sixth Circuit described the gravamen

---

[3]

In their initial brief in support of its Rule 12(b)(6) motion, Defendants argue that Plaintiffs' Prudence claim should be dismissed because they do not allege a serious threat to Key's viability and that their Misrepresentation claim should be dismissed because it is based solely on disclosures contained in Key's securities filings which were incorporated by reference into Plan documents. Defendants argue that Plaintiffs should not be permitted to challenge the disclosures in Key's securities filings under ERISA. These issues were addressed by this Court in *Taylor* and since the Sixth Circuit has not weighed in on either of these points, the Court is not inclined to review them again at this point. In any event, based upon their supplemental filings, Defendants appear to have dropped these arguments.

5

of Plaintiffs' complaint as follows:

> Taylor asserts that during the class period, defendants breached their fiduciary duties by failing to disclose and/or misrepresenting KeyCorp's inappropriate lending and tax practices. This, she alleges, caused KeyCorp stock to become unduly risky and artificially inflated.

*Taylor*, 680 F.3d at 612.

This Court found and the Sixth Circuit agreed that Ms. Taylor sold most of her KeyCorp stock during the period when the stock was artificially inflated and thus actually incurred a net profit from the sale of her KeyCorp stock. The Sixth Circuit reiterated that the only proper way to measure loss resulting from artificial inflation is out of pocket damages– the difference between what the plaintiff paid for the stock and what it was really worth. See *Taylor*, 680 F.3d at 614. Ms. Taylor's argument that she could establish a loss under an alternative investment theory where participants could claim a loss by arguing that they could have made more money had their investments been transferred away from KeyCorp stock to another investment such as the S&P 500, was considered and rejected by the Sixth Circuit. *Id*.(There is no causal link between the performance of an alternative investment and the alleged artificial inflation of KeyCorp stock on which plaintiff's claim is based. "We hold that such a measure of damages is not appropriate in this case.") The Sixth Circuit specifically applied the Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) where:

> the Court held that "an inflated purchase price will not itself constitute . . . economic loss." Id. at 342. Rather, stock must be purchased at an inflated price and sold at a loss for an economic injury to occur. Id. This reasoning was described as "pure logic," and while *Dura* was decided in the securities-fraud context, its common-sense analysis is equally applicable here.

*Taylor*, 680 F.3d at 613. As Ms. Taylor did not suffer a net loss on the sale of her KeyCorp

stock, the Court found that Ms. Taylor was not injured by the alleged artificial inflation and did not have Article III standing.

Defendants acknowledge that prior to *Taylor*, the Sixth Circuit had declined to apply *Dura's* causation and loss requirements to artificial inflation claims brought under ERISA. See *In re Diebold ERISA Litig*., 2008 WL 2225712, at *6 (N.D. Ohio May 28, 2008); *In re Cardinal Health ERISA Litig*., 424 F. Supp. 2d 1002, 1043 (S.D. Ohio 2006). However, they argue that given that the Sixth Circuit resolved the issue in *Taylor* by holding the causation and economic loss requirements set forth in *Dura* are "equally applicable" to ERISA actions with respect to determining Taylor's standing to sue, the Sixth Circuit is also ready to apply *Dura's* stringent pleading requirements, at least in this artificial inflation case which is an intentional copy of *Taylor*.[4]

Specifically, Plaintiffs allege that they bought inflated stock that later fell in price. However, the Supreme Court in *Dura* noted that stock prices drop for lots of reasons other than alleged misrepresentations. *Dura*, 544 U.S. at 343. Allowing plaintiffs to state a claim without pleading that the alleged inflation proximately caused an economic loss would improperly transform these actions "into a partial downside insurance policy." *Id*. at 347-48. Thus, Defendants argue that *Dura* (and *Taylor* too) requires not only that a plaintiff buy a stock at a price inflated by misrepresentations, but that the market later learn the truth, causing "the share price [to] f[a]ll significantly." *Id*. at 343-44. "[A] person who 'misrepresents the financial condition of a corporation in order to sell its stock' becomes liable to a relying purchaser 'for the

---

[4] As the Sixth Circuit determined that Taylor lacked standing, it had no jurisdiction to determine whether her allegations met *Dura's* stringent pleading requirements. Accordingly, that question is now before this Court.

loss' the purchaser sustains 'when the facts ... become generally known' and 'as a result' share value 'depreciate[s].'" *Id*. (quoting Restatement (Second) of Torts § 548A cmt.b (1976)). Accordingly, Defendants argue that Plaintiffs' Consolidated Complaint should be dismissed because they simply allege that they bought inflated stock that later fell in price. Plaintiffs have failed to allege facts, that if true, would prove their case: that they bought KeyCorp stock at inflated prices and suffered a loss when the true value was revealed to the market.

Plaintiffs do not identify a single instance in which the truth regarding some alleged prior misrepresentation was ever revealed to the market, or in which KeyCorp's stock price dropped significantly as a result. Rather, Plaintiffs admit that the alleged misrepresentations, about accounting and tax problems involving the leveraged leases and high risk homebuilder loans were known to the market before the class period began. Thus, this Consolidated Complaint falls short of the loss causation pleading requirements of *Dura*. 544 U.S. at 346-347 ("Our holding about plaintiffs' need to *prove* proximate causation and economic loss leads us also to conclude that the plaintiffs' complaint here failed to adequately *allege* these requirements.")(emphasis is original); *Ind. State Dist. Council v. Omnicare, Inc*., 583 F.3d 935, 944 (6th Cir. 2009) ("[A] plaintiff must show that an economic loss occurred after the truth behind the misrepresentation or omission became known to the market."). Further, Defendants note that the only disclosures that Plaintiffs can point to that were followed by a drop in KeyCorp's stock price were announcements of new adverse developments, not corrections of earlier false statements. That is insufficient under *Dura*.

Plaintiffs state that they have alleged a causal connection between the breach they have alleged and the losses they have suffered. Specifically, they state that they alleged defendants

8

"were aware of risks" that rendered KeyCorp stock imprudent, and a "prudent fiduciary" would have made "a different decision." (ECF #54 at p.5) However, in this case the Sixth Circuit has already determined that this alternative investment theory of causation does not apply in this artificial inflation case. While Plaintiffs contend that they have asserted additional claims in addition to artificial inflation in both this case and *Taylor*, the Sixth Circuit has determined that the "core" and "gravamen" of the *Taylor* complaint were that Key allegedly caused its stock to be artificially inflated. That finding is in accordance with this Court's earlier description of Plaintiffs' complaint in *Taylor*–"Plaintiffs' claims are based upon their theory that Key stock was artificially inflated for a variety of reasons giving rise to their prudence and misrepresentation claims.") *Taylor v. KeyCorp*, 2010 WL 3702423, at *4 (N.D. Ohio Aug. 10, 2012). As this Complaint is purposely a mirror copy of *Taylor*, this Court will not deviate from its earlier conclusion, and that of the Sixth Circuit, that the gravamen of the complaint is that this is an artificial inflation case.

While the Sixth Circuit applied *Dura's* economic loss provision and not its loss causation provision to determine Ms. Taylor's standing, application of the loss causation portion of *Dura* is the logical next step in the analysis for this identical complaint in the context of a Rule 12(b)(6) motion.  As Defendants correctly note, an economic loss has no relevance without causation–in fact ERISA allows recovery only of losses "resulting from such breach." 29 U.S.C. § 1109. The question of standing examines the "causal connection between the injury and the conduct complained of"–the resolution of which requires analysis of loss causation. *See Taylor*, 680 F.3d at 612.  The Sixth Circuit expressly noted that the standing inquiry "is closely bound up with the question of whether and how the law will grant [the plaintiff] relief." *Id*. at 613 n.3.

9

As Plaintiffs' cannot meet the pleading requirements under *Taylor* and *Dura*, they argue that the correct standard for pleading causation and loss should be supplied by two recent Sixth Circuit cases, *Pfeil v. State Street Bank & Trust Co.*, 671 F.3d 585 (6th Cir. 2012) and *Dudenhoefer v. Fifth Third Bancorp*, 692 F.3d 410 (6th Cir. 2012). However, both of these cases are distinguishable. *Pfeil* is not an artificial inflation case at all and thus is inapplicable to this case. In *Fifth Third* the plaintiffs made a number of claims including that the defendant made misleading disclosures about the company's subprime lending. The Court in that case found that the complaint adequately alleged that "an investigation would have caused a prudent fiduciary to make a different investment decision. 692 F.3d at 420. However, the alternative investment theory has already been rejected in this case.[5] In short, *Taylor* governs how causation and loss must be established in this case. It is this Court's belief that the Sixth Circuit would apply *Dura's* loss causation pleading requirements in *Taylor* if the 12(b)(6) motion had not been mooted.[6]

Plaintiffs argue without specific support that they have pled loss causation if *Dura* applies. Plaintiffs do not point to any allegation, much less facts in support, that KeyCorp's

---

[5] This Court is treating the Sixth Circuit's findings in *Taylor* as "law of the case" in this action even though these are technically different actions. Courts have applied law of the case doctrine in similar contexts. *See Northington v. Michigan Dep't of Corr.*, 2003 WL 2191568, at *1 (6th Cir. Aug. 15, 2003)(applying doctrine to separate litigation involving same parties and issues); *Galka v. Cole*, 2011 WL 3862327, at *1 (E.D. Mich. Aug. 31, 2011)(applying doctrine in separate litigation involving same complaint, because "[p]laintiff agrees that the two complaints are the same.")

[6] While this Court denied the Rule 12(B)(6) motion in *Taylor*, the Court did not have the Sixth Circuit's subsequent application of *Dura* to an ERISA case. As such, Defendants did not argue that *Dura's* loss causation provisions applied at that time.

stock price dropped as a result a prior misrepresentation being revealed to the market as required by *Dura*. Instead, Plaintiffs reiterate the same argument that was made and lost by the *Taylor* Plaintiffs, who asserted that the loss causation principles set forth in securities cases and *Dura* do not apply in this ERISA case. The Sixth Circuit rejected that argument stating: "[W'hile *Dura* was decided in the securities-fraud context, its common-sense analysis is equally applicable here." *Taylor*, 680 F.3d at 613. Plaintiffs' concern that adoption of *Dura* would unfairly require an application of the PSLRA's heightened pleading standard is misguided. The Supreme Court expressly noted in *Dura* that its dismissal was based on the ordinary pleading standard set forth in Fed. R. Civ. P. 8(a). 544 U.S. at 346. Finally, Plaintiffs assert that even if the Court were to find that *Dura* applies to its misrepresentation claims, it does not apply to Plaintiffs' prudence claims. However, as set forth earlier in this opinion, this argument has also already been rejected by this Court and the Sixth Circuit in *Taylor*. Plaintiffs cannot extricate themselves from *Taylor's* finding that the core of their case is artificial inflation. Plaintiffs have not met the pleading requirements of *Dura* that the alleged inflation caused them to suffer an economic loss. As such, Defendants' Motion to Dismiss is granted.[7]

**B. STATUTE OF LIMITATIONS**

Defendants also argue that Plaintiffs' claims based on leveraged leases are barred by ERISA's statute of limitations. However, as this Court has already determined that Plaintiffs' Consolidated Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), it is not

---

[7]

While Defendants have not moved to dismiss claims III, IV and V for failing to monitor other fiduciaries, failing to avoid conflicts of interest and co-fiduciary liability, the Court found in *Taylor* that those claims were derivative of the imprudence and misrepresentation claims. As such, these derivative claims will be dismissed along with Counts I and II.

necessary to reach this statute of limitations issue which would not, even if well taken, require the dismissal of a specific count of Plaintiffs' complaint.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF #29) as further clarified in their Supplemental Memorandum in Support of their Motion to Dismiss (ECF #51) is granted and Plaintiffs' Consolidated Complaint is dismissed.

IT IS SO ORDERED.

                                                     */s/Donald C. Nugent*  
                                                     DONALD C. NUGENT  
                                                     UNITED STATES DISTRICT JUDGE

DATED: January 28, 2013