UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. METYK, *et al.*, | ) | Case No. 1:10 CV 2112 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| KEYCORP, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiffs' Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). (ECF #64). This Court granted Defendants' Motion to Dismiss pursuant to Fed. R. !2(b)(6) finding that Plaintiffs' consolidated complaint, which echoed in all respects the complaint that had previously been filed in the *Taylor* case, failed to meet the loss causation pleading requirements set forth in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). Plaintiffs now ask this Court to vacate that judgment under Rule 60(b), reopen the action and permit them to file an amended complaint. Plaintiffs assert that the Court's failure to address the request inserted into the concluding paragraph of their supplemental opposition to the Motion to Dismiss seeking "leave to amend to address any deficiency identified in the Court's ruling" was an error justifying such relief under Rule 60 (b). For the reasons that follow, Plaintiffs' Motion to for Relief from Judgment is denied.

**STANDARD OF REVIEW**

Determinations made pursuant to Rule 60(b) are within the sound discretion of the court. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980) (citing *H.K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976)). A Rule 60(b)(1) motion is "'intended to provide relief to a party in only two instances: (1) when the party has

made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). Such relief is only available to correct "clear errors." *Id.*

## DISCUSSION

Plaintiffs assert that this Court committed a clear error in violation of Fed. R. Civ. P. 15 (a)(2) by not permitting Plaintiffs to amend their complaint to eliminate the artificial inflation and misrepresentation claims and instead expound on their "excessive risk" claim consistent with three Court of Appeals opinions decided after Plaintiffs filed their consolidated complaint in this action.

While Rule 15(a)(2) states that "the court should freely give leave when justice so requires," Plaintiffs one line request at the end of their supplemental opposition did not constitute a motion for leave to amend as it failed to give any grounds for the request or include a proposed amended complaint. Indeed, until Plaintiffs filed the instant motion, the Court had no idea of how Plaintiffs proposed to amend their complaint to "fix any deficiencies".[1] Courts have routinely denied these single line throw away requests for leave to re-plead if necessary made as an afterthought in opposition briefs. *Evans v. Pearson Enterp., Inc.*, 434 F.3d 839 853 (6th Cir. 2006); *La. Sch. Empl. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010); *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 783-84 (6th Cir. 2000)(plaintiffs "are not entitled to an

---

[1] Although, as Defendants correctly point out, Plaintiffs' proposed amendment does not "correct the deficiencies" of their dismissed complaint based upon the theory of artificial inflation causing economic loss, but pursues a different legal strategy.

advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies".) Further, as Plaintiffs' motion is now post judgment, the Sixth Circuit advises that courts must take into consideration the competing interest in the finality of judgments and "be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *La. Sch. Empl. Ret. Sys*, 622 F.3d at 486 citing *PR Diamonds Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) abrogated on other grounds by *Matrixx Initiatives, Inc. v. Siracusano*, 131 S.Ct. 1309, 1323–25, 179 L.Ed.2d 398 (2011), as recognized in *Frank v. Dana Corp.*, 646 F.3d 954, 960–62 (6th Cir.2011).

In this case, Plaintiffs' throw away "do over" request was a blatant attempt to secure another chance to attempt to state a claim in litigation that has been pending, if the *Taylor* case is included, for at least 41/2 years. Through the course of this action and from *Taylor*, before this, Plaintiffs seemed to have made it their practice to wait until the Court makes a final ruling before moving for some alternate kind of relief, either to add new plaintiffs or change theories of the case. This "litigation strategy" is neither fair to the Defendants nor to the Court. Moreover, the three Court of Appeals opinions referred to by Plaintiffs on which they wish to base their amended complaint were decided before Plaintiffs filed their supplemental opposition and well before the Court ruled on the motion to dismiss. Plaintiffs also could have sought leave to amend following the Sixth Circuit's ruling in *Taylor*, which held that Taylor's claim was governed by securities law principles of loss causation and damages. Thereafter, when Defendants supplemented their motion to dismiss, now moving on the ground that the amended complaint failed to allege any loss resulting from the alleged artificial inflation, as required by

3

the Sixth Circuit's decision in *Taylor*, Plaintiffs again chose to hold fast to their copied theory of artificial inflation, without moving for leave to amend to supplement that claim or to add additional claims.[2] Plaintiffs failure to move for leave to amend before this Court entered final judgment amounts to undue delay in filing and justifies the Court's refusal to permit amendment.

The Court also finds compelling Defendants' assertion that Plaintiffs' dilatory conduct caused undue prejudice to them. Key expended substantial resources defending against Plaintiffs' artificial inflation claim and allowing Plaintiffs to pull the rug out now, after Key successfully established their failure to state a claim, is unfairly prejudicial, especially where Plaintiffs had many opportunities to amend while the case was still pending.

## CONCLUSION

Plaintiffs' Motion for Relief from Judgment pursuant to Rule 60(b) (ECF #64) is denied as this Court's Judgment did not contain a clear error. Plaintiffs' throw away one line request to amend if necessary did not constitute a motion within the meaning of the rules as there were no grounds given to support such a request nor was any proposed amended complaint attached. Further, the Court finds that even if the one line request could properly by deemed a motion within the rules, such motion would be properly denied based upon Plaintiffs' undue delay in

---

[2] Plaintiffs adamantly continued to push the theory that since this Court denied Defendants' Rule 12(b)(6) motion to dismiss in *Taylor*, it would do so again here as the complaints were the same. Plaintiffs refused to recognize that the Sixth Circuit's ruling in *Taylor* regarding the application of securities law principles to Taylor's claims and Defendants' supplemental motion to dismiss based upon the Sixth Circuit's ruling superseded this Court's earlier Rule 12(b)(6) ruling in *Taylor*. The motion before the Court here was entirely different. Nevertheless, Plaintiffs made a strategic decision to stick with the copied *Taylor* complaint apparently relying on an unfounded belief that the Court would permit a post-judgment amendment on a new theory of recovery if necessary.

filing and upon the undue prejudice imposed on the Defendants. Plaintiffs' Motion for Relief from Judgment (ECF #64) is DENIED. IT IS SO ORDERED.

                                                                                                   */s/Donald C. Nugent*  
                                                                                                   DONALD C. NUGENT  
                                                                                                   UNITED STATES DISTRICT JUDGE

DATED: April 30, 2013

Case: 1:10-cv-02112-DCN Doc #: 70 Filed: 04/30/13 6 of 6. PageID #: 1143